UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JONATHAN LITTLE, and | ) | |
| SAEED & LITTLE, LLP, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-1647 |
| | ) | |
| ALISTAIR CASEY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

Come now Plaintiffs Jonathan Little and Saeed & Little, LLP, by counsel, and bring their complaint for damages against Defendant Alistair Casey as follows:

### PARTIES

1. Plaintiff Jonathan Little is a natural person, a citizen of the United States, and a resident of British Columbia, Canada. He can be served through his attorneys, whose information appears below.

2. Plaintiff Saeed & Little, LLP is an Indiana corporation with its principal place of business in Indianapolis, Indiana. It can be served through its attorneys, whose information appears below.

3. Defendant Alistair Casey is a natural person, a citizen of Scotland, and a resident of San Gabriel, California. On information and belief, his address is 440 Gurdon Avenue, San Gabriel, CA 91775. He will be served by personal service.

1

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS

6. Jonathan Little is an Indiana-based lawyer.

7. Jonathan Little founded what is now Saeed & Little, LLP in 2007.

8. Jonathan Little is one of three partners at Saeed & Little, LLP.

9. Alistair Casey is former researcher for Saeed & Little, LLP.

10. Alistair Casey is the former Chief of Staff for United States Badminton.

11. Alistair Casey is currently the Chief Operating Officer for Champion Women, a corporation with its principal place of business in Jacksonville, Florida.

12. In approximately 2008, Jonathan Little filed a lawsuit against United States Swimming on behalf of his college girlfriend, who had been sexually exploited by her swim coach.

13. During the first half of that decade, Mr. Little was able to carve a niche for himself as one of the few attorneys in the United States who filed sexual abuse lawsuits against National Governing Bodies ("NGBs") for sports controlled by the U.S. Olympic Committee ("USOC").

14. As a result of the collective efforts of Mr. Little and the other attorneys who worked in this area, several media outlets reported on the sexual abuse, exploitation, and cover-ups rampant within USA Swimming.

15. In 2011, Jonathan Little and Syed Saeed joined to form Saeed & Little, LLP.

16. Saeed & Little continued to litigate Olympic child sexual abuse cases.

17. Over the years, Mr. Little and Saeed & Little have litigated cases against the USOC, the Center for Safe Sport, and the National Governing Bodies for Swimming, Gymnastics, Tennis, Taekwondo, and Fencing, among others.

18. Mr. Little and Saeed & Little have litigated these cases in several state and federal courts, and through the course of their work, have come into the possession of various documents, deposition transcripts, and other evidence that details complaints of sex abuse against hundreds of children.

19. Some of the most damning documents that came into Mr. Little's and Saeed & Little's possession involved documents related to risk studies done by USSIC, the captive insurance company for USA Swimming.

20. Protective orders sought by the USOC and/or the NGBs in the various cases prevented Mr. Little or Saeed & Little from disclosing any of the information in their possession to law enforcement without a subpoena or court order.

21. From 2009 through 2019, Mr. Little continued to try to shed light on the child abuse epidemic within youth and elite sports while respecting and obeying the court orders preventing disclosure.

22. Mr. Little was not subtle about what he was trying to do, and it was well known within the relevant circles that he had no qualms about collateral damage to the financial health or reputations of the USOC, the Center for Safe Sport, or any NGB that tolerated or covered up the past or present sexual abuse of athletes.

23. In approximately December of 2018, Defendant Alistair Casey contacted Plaintiffs about working with them on cases they had against various NGBs.

24. Mr. Casey had recently served as the Olympic Coach for United States Badminton and had valuable information and experience about the relationship between coaches in competition covered by the Amateur Sports Act[1] and the USOC.

25. The Amateur Sports Act governs the relationship between NGBs and the USOC.

26. Mr. Casey's insights proved valuable to Saeed & Little, LLP and Jonathan Little.

27. In August of 2019, Mr. Casey was given a Saeed & Little, LLP email address: acasey@sllawfirm.com.

28. Mr. Casey, Mr. Little, and other Saeed & Little, LLP lawyers discussed various cases involving athletes in several sports and ideas for potential civil actions involving, among other things, the LA 2028 Olympic Games.

---

[1] https://www.govinfo.gov/content/pkg/STATUTE-92/pdf/STATUTE-92-Pg3045.pdf the law enacted in 1978 has been amended at least three times and controls the right to compete in certain competitions, including the Olympic Games, World Cup, Pan Am Games, and World Championships.

29. In 2018-2019, Mr. Casey and others were able to organize the athletes and coaches inside United States Badminton and obtained a majority of the seats on the USA Badminton Board.

30. In response to an NGB being "taken over" by athletes and others perceived by the USOC as unlikely to toe the proverbial line, the USOC moved to decertify United States Badminton.

31. Decertification is the ultimate penalty to an NGB available to the USOC under the Amateur Sports Act.

32. As a point of reference, the USOC did *not* move to decertify USA Gymnastics in the wake of the Larry Nassar scandal.

33. Upon information and belief, in the 10 years preceding the attempted decertification of USA Badminton, no other NGB had faced decertification.

34. In 2019, Saeed & Little, LLP began representing USA Badminton in its legal efforts to avoid decertification.

35. On the eve of the arbitration to decertify USA Badminton, Saeed & Little, LLP was able to reach an agreeable resolution with the USOC and avoided decertification.

36. In January 2020, Alistair Casey was hired to work at United States Badminton.

37. While working for USA Badminton, Mr. Casey, Mr. Little, and other lawyers at Saeed & Little, LLP had frequent discussions on various topics.

38. Mr. Casey maintained his @sllawfirm.com email address.

39. Saeed & Little, LLP continued to advise USA Badminton on a variety of legal matters, including child sexual abuse allegations.

40. USA Badminton paid Saeed & Little, LLP for its services.

41. In August 2021, Alistair Casey called Jonathan Little and advised him of two allegations of child sexual abuse within the USA Badminton organization.

42. These allegations both pertained to abuse that had occurred years before and both alleged victims were well into their adult years.

43. Mr. Little immediately advised Mr. Casey to call the relevant law enforcement agencies – the local police departments in two California towns – to report the abuse.

44. Saeed and Little, LLP is based in Indiana.

45. Indiana law requires any adult with reasonable suspicion of child abuse to report those allegations to law enforcement.

46. Failure to report in Indiana can result in criminal charges. *See* Ind. Code § 31-33-35-2.

47. Mr. Casey called the relevant police departments that same morning and reported the information to them.

48. Within hours of receiving the reports, law enforcement advised that it was permissible to report to Safe Sport.

49. Within hours (the same day), Mr. Little and Mr. Casey reported the allegations to Safe Sport.

50. The Center for Safe Sport administratively closed both cases in less than three weeks, with little or no investigation into the allegations.

51. Under the Amateur Sports Act, USA Badminton was now precluded from taking any action of its own against the accused coaches.

52. One of the two allegations had been against a prominent Badminton coach who had been the subject of another Safe Sport prior to Little and Casey working with Badminton.

53. As one of the lawyers working with USA Badminton, Mr. Little was very concerned that Badminton was now stuck with at least one coach who had multiple allegations of sexual misconduct with a minor against him.

54. In September 2021, Little emailed[2] Casey, USA Badminton CEO Linda French, and then-USA Badminton Board Member Nancy Hogshead-Makar and made the following recommendation as to what USA Badminton's reporting policy should be when it comes to allegations of criminal conduct including child sexual abuse:

> Jonathan Little <jon@sllawfirm.com>  Tue, Sep 7, 2021, 10:46 AM
> to Alistair, Linda, JD
>
> I have thought long and hard about reporting to Safe Sport after talking to Alistair last week; I think the policy of USA Badminton should be
>
> 1. Every report of child sexual abuse or even remotely criminal activity should be reported in writing (email is fine) to the relevant local law enforcment agency
> 2. After said written report is made we should then ask local law enforcement if we have their blessing to report to Safe Sport , if they say yes then we go ahead and report ; if not we wait until we have the written blessing of law enforcement to report to Safe Sport
>
> I have seen Safe Sport intentionally ruin at least one criminal case ▓▓▓▓ and compromise another case ▓▓▓▓ - I do not think we should be reporting to them without the blessing of law enforcment
>
> --
> Jon Little
> Attorney At Law
> Saeed & Little, LLP
> #189 - 133 W Market St
> Indianapolis, IN 46204
> (812) 320-3367

---

[2] Plaintiffs are not waiving any attorney-client privilege or work product protection.

55. As stated above, the law in Indiana requires that adults with a reasonable suspicion of child abuse must report to the Department of Child Services or to law enforcement.

56. This requirement in Indiana is similar to the reporting requirement in most States.

57. There is not a criminal child abuse reporting requirement under Federal law.

58. The Amateur Sports Act was revised in 2020 to require reporting of any child abuse allegations to Law Enforcement and Safe Sport.

59. This reporting requirement is not part of the criminal code.

60. Nor is there a civil cause of action for not reporting under the Amateur Sports Act.

61. Jonathan Little is not a member of any NGB and is not subject to the requirements of the Amateur Sports Act.

62. Jonathan Little is just one of several lawyers contracted to work for USA Badminton.

63. Shortly after receiving the September 7, 2021 email, Casey reported Little to the Center For Safe Sport for not reporting child sexual abuse.

64. A short time later, Saeed & Little, LLP learned that Mr. Casey had downloaded the entire contents of his at @sllawfirm.com email address without permission.

65. The emails were the property of Saeed & Little, LLP.

66. Downloading the emails from the Saeed & Little server enabled Mr. Casey to access and share them at his leisure and without any way for the firm to track them.

67. Saeed & Little, LLP reported the theft to their insurance provider and filed a report with the Indianapolis Metropolitan Police Department.

68. Upon information and belief, Mr. Casey gave confidential Saeed & Little emails to the USOC.

69. Upon information and belief, Mr. Casey gave confidential Saeed and Little emails to the Center for Safe Sport.

70. The Center for Safe Sport then reported Mr. Little and USA Badminton to the United States House and United States Senate for not reporting child sexual abuse.

71. According to Senator Chuck Grassley's office, the allegations against Little and Badminton were reported to the FBI:

72. Little and his law firm responded to the allegations by producing hundreds of pages of emails and documents and accompanying privilege logs.

73. The status of the Senate's investigation is not known at this time.

74. The Center for Safe Sport has prohibited Saeed & Little from representing clients in the Olympic Sports movement, namely USA Badminton.

75. The Center for Safe Sport justifies this prohibition with the fact that Little is currently "under investigation" for not reporting as alleged by Alistair Casey.

76. Further, Safe Sport claims that Little is a "de facto" board member of USA Badminton.

77. Little has only attended portions of 3 board meetings of USA Badminton.

78. At each meeting attended by Little he only advised the Badminton Board on legal issues and then left the meeting.

79. All of the meetings Little attended involved the Safe Sport and Congressional investigations of Little and USA Badminton.

80. Little was accused of not cooperating with the Congressional investigation because, among other things, he produced documents to Congress without redaction following Congress's request for said documents.

81. Upon information and belief, Casey gave Congress and the Center for Safe Sport the documents upon which Safe Sport is basing its allegations against Little.

82. Upon information and belief, Congress and Safe Sport are in possession of privileged communications from Saeed & Little stolen by Casey.

83. The confidential emails from Casey have been given to media outlets around the world and taken out of context to defame Jon Little and his law firm. For example, see Ex. 1 "VALIDATION Scots Olympic coach turned whistleblower who lost job after reporting historical child sex abuse paid $1million"

84. Little has received numerous calls from victims' advocates telling him he "toxic" and a "disgrace" for trying to thwart reporting to Safe Sport.

85. The legal niche Mr. Little spent most of his career carving out for himself – sexual abuse within the world of Olympic sports – was severely damaged by Mr. Casey's actions.

## CAUSES OF ACTION

### Count 1: Defamation

86. The foregoing paragraphs are incorporated as though fully reproduced herein.

87. Mr. Casey publicly accused Mr. Little, and by connection, Saeed & Little, LLP, with failure to report child sex abuse and with failure to comply with a federal statute.

88. Mr. Casey's statements constitute defamation *per se* because they impute both criminal conduct and misconduct in a person's trade, profession, office, or occupation.

89. Mr. Casey continues to defame Mr. Little in the press.

90. Mr. Casey continues to defame Mr. Little to members of the victims advocate community through his employment with the non-profit company, Champion Women.

91. Mr. Casey defames Mr. Little to current USA Badminton board members and employees.

92. Mr. Casey directs others to defame Mr. Little.

93. Mr. Little's and Saeed & Little's damages are presumed.

94. Mr. Little and Saeed & Little suffered actual damages.

### Count 2: Conversion

95. The foregoing paragraphs are incorporated as though fully reproduced herein.

96. When he downloaded his @sllawfirm.com emails, Mr. Casey knowingly and intentionally exerted unauthorized control over Saeed & Little, LLP property.

97. When, on information and belief, Mr. Casey shared his @sllawfirm.com emails outside of Saeed & Little, LLP, Mr. Casey knowingly and intentionally exerted unauthorized control over Saeed & Little, LLP property.

98. The knowing and intentional exertion of unauthorized control over Saeed & Little's property constitutes criminal conversion pursuant to Ind. Code § 35-43-4-3.

99. Saeed & Little, LLP suffered pecuniary losses as a result of Mr. Casey's criminal conversion, including, but not limited to, expenses related to damage control.

100. A civil action under the criminal conversion statute is permitted by Ind. Code § 34-24-3-1.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs Jonathan Little and Saeed & Little, LLP pray that the Court will enter judgment in their favor and against Alistair Casey, awarding all compensatory and punitive damages as determined by a jury and as may be allowed, including attorneys fees and expenses and pre- and post-judgment interest, and for all other relief just and proper in the premises.

## JURY DEMAND

Plaintiffs demand a jury on all issues so triable.

Respectfully submitted,

s/*Annemarie Alonso*
Annemarie Alonso, No. 30506-06
SAEED & LITTLE, LLP
#189 – 133 West Market Street
Indianapolis, IN 46204
T: (317) 721-9214
F: (888) 422-3151
E: annie@sllawfirm.com

Ian S. Richardson, *pro hac vice forthcoming*
VANN ATTORNEYS, PLLC
1720 Hillsborough Street, Suite 200
Raleigh, NC 27605
T: (919) 510-8585
E: irichardson@vannattorneys.com