UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAEED & LITTLE, LLP, <br> JONATHAN LITTLE, <br><br>         Plaintiffs, <br><br>         v. <br><br> ALISTAIR CASEY, <br> NANCY HOGSHEAD-MAKAR, <br> CHAMPION WOMEN, INC., <br> UNITED STATES CENTER FOR SAFESPORT, <br><br>         Defendants. | No. 1:23-cv-01647-RLY-KMB |

### ORDER ON MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

Currently pending before the Court is Defendant United States Center for SafeSport's ("SafeSport) Motion to Maintain Documents Under Seal ("Motion to Seal"). [Dkt. 60.] SafeSport seeks to maintain under seal its Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss"), as well Exhibits C, D, and E filed in support of its Motion to Dismiss. [*See* dkt. 59.] SafeSport claims that these filings must be sealed because they are or contain portions of statutorily mandated reports to Congress that must remain confidential to protect the privacy and safety of individuals involved in SafeSport's investigative processes. None of the other Parties in this litigation have filed a response to SafeSport's Motion to Seal.

When documents are used in a court proceeding to decide the merits of a party's claims, they are presumptively "'open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.'" *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). A showing of good cause is required to seal any portion of the record of a case from the public. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). Good cause to

seal confidential information may exist when the confidential material is non-dispositive or where documents contain trade secrets or other categories of sensitive information. *See Baxter*, 297 F.3d at 545-46. That said, materials that "'influence or underpin'" a decision by the Court are presumptively open to public inspection. *Bond*, 585 F.3d at 1075 (quoting *Baxter*, 297 F.3d at 545). "The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

Federal law requires that "[a]ny decision, report, memorandum, work product, notes, or case file of [SafeSport] shall be confidential and shall not be subject to discovery, subpoena, or any other means of legal compulsion." 36 U.S.C. § 220541(f)(4)(C)(i). SafeSport is also required by law to "protect the privacy and safety of complainants." 36 U.S.C. § 220541(a)(1)(E). The Court has reviewed the documents SafeSport preliminarily filed under seal and finds that Exhibits C, D, and E are reports to Congress that federal law requires to be kept confidential, and the redacted portions of SafeSport's Brief in Support of Motion to Dismiss reference these reports to Congress. SafeSport has filed a minimally redacted version of its Brief in Support of Motion to Dismiss on the public docket. [*See* dkt. 58.] The Court therefore finds that SafeSport has identified good cause for maintaining these documents under seal and has complied with S.D. Ind. L.R. 5-11 with respect to these filings. For these reasons, the Court **GRANTS IN PART** SafeSport's Motion to Seal such that SafeSport's Brief in Support of Motion to Dismiss, [dkt. 59-1], and Exhibits C, D, and E filed in support of SafeSport's Motion to Dismiss, [dkts. 59-2, 59-3, and 59-4], shall **REMAIN UNDER SEAL**.

The Court, however, **DENIES IN PART** SafeSport's Motion to Seal to the extent that SafeSport has filed a heavily redacted exhibit—Exhibit G—without providing any basis for doing

so and/or without addressing the exhibit in its Motion to Seal. [*See* dkt. 58-7.] SafeSport is therefore **ORDERED** to provide its basis for redacting Exhibit G **within seven (7) days of the date of this Order**, specifically addressing whether the document has been redacted because the information contained therein "is irrelevant or immaterial to resolution of the matter at issue." *See* S.D. Ind. L.R. 5-11(c). If SafeSport identifies a basis for redacting Exhibit G other than the document's irrelevance or immateriality, it shall also file an unredacted version of this document under seal so that the Court can inspects its contents and determine whether the document warrants redaction and, if need be, rely on such contents in ruling on the related Motion to Dismiss. If SafeSport represents that Exhibit G contains irrelevant or immaterial information, it shall provide in its response to this Order that it has served "an unredacted and complete version of the document upon all counsel and pro se parties," including the recently added Defendants Nancy Hogshead-Makar and Champion Women, Inc.[1]

    **SO ORDERED.**

Date: 5/21/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

NANCY HOGSHEAD-MAKAR

CHAMPION WOMEN, INC.

---

[1] Given that almost the entirety of Exhibit G has been redacted, it does not appear that SafeSport has limited its redactions solely to personal identifying information under Fed. R. Civ. P. 5.2(a).

3