UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAEED & LITTLE, LLP, <br> JONATHAN LITTLE, <br><br> Plaintiffs, <br><br> v. <br><br> ALISTAIR CASEY, <br> NANCY HOGSHEAD-MAKAR, <br> CHAMPION WOMEN, INC., <br> UNITED STATES CENTER FOR SAFESPORT, <br><br> Defendants. <br><br> USA BADMINTON, <br><br> Interested Party. | No. 1:23-cv-01647-RLY-KMB |

**REPORT AND RECOMMENDATION ON PLAINTIFFS' SEALED
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Currently pending before the Court is Plaintiffs Jonathan Little and Saeed & Little, LLP's Sealed Motion for Leave to File Second Amended Complaint ("Motion for Leave"). [Dkt. 84.] Defendants United States Center for SafeSport and Alistair Casey oppose the Motion for Leave. [Dkts. 89; 94.] After reviewing the relevant filings, the undersigned concludes that the Motion for Leave should be denied. Thus, since this is a dispositive action in this case, the undersigned issues this decision as a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons detailed below, the Magistrate Judge recommends that the District Judge **DENY** Plaintiffs' Motion for Leave and that the proposed Second Amended Complaint and attached exhibits **REMAIN UNDER SEAL**. [Dkt. 84.]

## I. RELEVANT BACKGROUND

Plaintiff Jonathan Little and his law firm, Plaintiff Saeed & Little, LLP, previously represented Interested Party USA Badminton in a variety of legal matters. [Dkt. 30 at ¶¶ 104, 112.] Plaintiffs claim that Defendants falsely accused Mr. Little of mishandling reports of child sex abuse at USA Badminton by failing to timely report such allegations to the relevant organization—the United States Center for SafeSport ("SafeSport")—as required by law. [*Id.* at 30-40.] Among other things, Plaintiffs allege that such statements, including accusations that Mr. Little acted to prevent the reporting of any child sex abuse, defamed Mr. Little and placed him in a false light. [*Id.*]

Plaintiffs initiated this action in September 2023. [Dkt. 1.] Three months later the Court held an Initial Pretrial Conference and entered a Case Management Plan that set several case management deadlines, including a deadline for "[a]ll motions for leave to amend the pleadings" to be filed by February 12, 2024. [Dkts. 20; 27.] On January 23, 2024, Plaintiff filed an Amended Complaint, which is currently the operative complaint in this matter. [*See* dkts. 29; 30.] All four Defendants in this case have filed motions to dismiss Plaintiffs' Amended Complaint. [*See* dkts. 33; 34; 57; 109; 111.] On May 23, 2024, Plaintiffs filed the present motion, in which they seek leave to file a Second Amended Complaint. [Dkt. 84.] Defendants SafeSport and Alistair Casey have both filed responses opposing this motion. [Dkts. 89; 94.] Plaintiffs did not file a reply brief, and the time to do so has passed. *See* S.D. Ind. Local Rule 7-1(c)(3)(B) ("Any reply is due within 7 days after service of the response.").

## II. APPLICABLE STANDARD

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). In cases where that subsection of the rule applies, "a party may amend its

2

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend a pleading after the deadline to do so established by the applicable case management plan has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies before the court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). The heightened good cause standard articulated in Rule 16(b)(4) primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). The movant bears the burden to establish its diligence under Rule 16(b)(4). *Id.*

### III. DISCUSSION

As mentioned above, the deadline for a party to move to amend the pleadings in this case was February 12, 2024. [Dkt. 27 at 3.] Plaintiffs filed their Motion for Leave on May 23, 2024. [Dkt. 84.] In their motion, Plaintiffs "seek leave to file a Second Amended Complaint to address the arguments raised by Defendant SafeSport in its 12(b) Motion to Dismiss." [*Id.* at 3.]

SafeSport opposes Plaintiffs' motion, arguing that Plaintiffs have failed to establish good cause for yet another amended complaint "months after the deadline [to amend had passed] and after multiple Defendants have filed motions to dismiss." [Dkt. 89 at 1.] SafeSport specifically contends that Plaintiffs have not identified any significant changes since the filing of their Amended Complaint to justify another amendment, explained how they have exercised diligence, or otherwise justified their delay in seeking amendment. [*Id.* at 5.]

Mr. Casey also opposes Plaintiffs' motion, contending that Plaintiffs cannot justify their delay and argues that Plaintiffs have delayed this litigation from the outset. [Dkt. 94 at 2.] Mr.

3

Casey claims that Plaintiffs have had more than enough time to cure any defects in their Amended Complaint and that allowing Plaintiffs to file a second amended complaint would prejudice him, since his Motions to Dismiss are fully briefed and ripe for the Court's review. [*Id.* at 3.] Additionally, Mr. Casey argues that the Motion for Leave fails to establish good cause for amending the complaint at this stage of the litigation; "[a]ttempting to avoid motions to dismiss by continuing to amend the complaint is ***not*** good cause." [*Id.* at 7 (emphasis in original).]

Because Plaintiffs filed their Motion for Leave more than three months after the deadline to amend the pleadings had passed, the heightened good cause standard set forth in Rule 16(b)(4) applies. *Adams*, 742 F.3d at 734. The heightened good cause standard primarily considers the diligence of the party seeking to amend the pleadings. *Trustmark Ins. Co.*, 424 F.3d at 553; *see also* Fed. R. Civ. P. 16(b) advisory committee notes to 1987 amendment (explaining that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

As an initial matter, the Court construes Plaintiffs' failure to file a reply brief in support of their Motion for Leave as an acknowledgment of the correctness of the arguments raised in opposition to their motion by SafeSport and Mr. Casey. *See East v. Astrue*, 2010 WL 1751720, at *1 (S.D. Ind. Apr. 30, 2010) (interpreting the claimant's "failure to file a reply brief as an acknowledgment of the correctness of the Commissioner's" arguments); *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer*

4

*Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

The undersigned agrees with Defendants SafeSport and Mr. Casey that Plaintiffs have failed to establish good cause for amending the pleadings at this stage of the litigation and therefore recommends that the District Judge **DENY** Plaintiffs' Motion for Leave. [Dkt. 84.] Plaintiffs do not address the heightened good cause standard under Rule 16(b)(4) at all in their Motion for Leave. Plaintiffs' failure to address the good cause standard is compounded by the fact that they have previously been granted leave to amend and now there are four pending motions to dismiss their Amended Complaint. [*See* dkts. 33; 34; 57; 109; 111.]

Plaintiffs claim that they seek to amend their Amended Complaint "in such a way so as to minimize the effect on the fully briefed arguments," [dkt. 84 at ¶ 5], but this reasoning is both practically and legally unsound. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward . . . a plaintiff's new complaint wipes away prior pleadings"). Good cause is not established simply because Plaintiffs wish to again amend their complaint in response to any of the new motions to dismiss that operative pleading. Plaintiffs' failure to even file a reply brief supporting their motion seems to tacitly acknowledge that they have not meet the applicable standards for the relief they seek.

Because the undersigned recommends that Plaintiffs' Motion for Leave be denied, she also recommends that the proposed Second Amended Complaint and related filings, [dkts. 84-1 through 84-23], **REMAIN UNDER SEAL** because these filings will not be considered by the Court and therefore will not "influence or underpin" any decision by the Court. *See Bond v. Utreras*, 585

5

F.3d 1061, 1075 (7th Cir. 2009) (explaining that materials that "influence or underpin" a decision by the Court are presumptively open to public inspection).

## IV.  CONCLUSION

The undersigned concludes that Plaintiffs have not shown good cause to amend their complaint a second time months after the deadline to amend the pleadings in this case has passed. For the reasons more fully explained herein, the Magistrate Judge recommends that the District Judge **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint.  [Dkt. 84.]  The Magistrate Judge also recommends that the proposed Second Amended Complaint and the exhibits filed in support of the Motion for Leave **REMAIN UNDER SEAL** because they will not be considered by the Court and therefore will not "influence or underpin" a decision by the Court. [Dkts. 84-1; 84-2; 84-4; 84-5; 84-6; 84-7; 84-8; 84-9; 84-10; 84-11; 84-12; 84-13; 84-14; 84-15; 84-16; 84-17; 84-18; 84-19; 84-20; 84-21; 84-22; 84-23.]

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  **The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.**

Date: 8/5/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email