UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SAEED & LITTLE, LLP, <br> JONATHAN LITTLE, <br><br>                 Plaintiffs, <br><br>                 v. <br><br> ALISTAIR CASEY, <br> NANCY HOGSHEAD-MAKAR, <br> CHAMPION WOMEN, INC., <br> UNITED STATES CENTER FOR SAFESPORT, <br><br>                 Defendants. <br><br> USA BADMINTON, <br><br>                 Interested Party. | No. 1:23-cv-01647-RLY-KMB |

**ORDER ON UNOPPOSED MOTION TO STAY AND ALTERNATIVE MOTION TO AMEND CASE MANAGEMENT DEADLINES**

Currently pending before the Court are Defendant Alistair Casey's Unopposed Motion to Stay Proceedings Pending Outcome of Threshold Issues, [dkt. 97], and Plaintiffs Jonathan Little and Saeed & Little, LLP's Motion to Amend Case Management Deadlines as an Alternative to Defendant Casey's Motion to Stay, [dkt. 98]. As detailed below, the Court **GRANTS** Mr. Casey's Motion to Stay, [dkt. 97], and **DENIES** Plaintiffs' Motion to Amend Case Management Plan Deadlines, [dkt. 98].

**I.  RELEVANT BACKGROUND**

Plaintiff Jonathan Little and his law firm, Plaintiff Saeed & Little, LLP, previously represented Interested Party USA Badminton in a variety of legal matters. [Dkt. 30 at ¶¶ 104, 112.] Plaintiffs claim that Defendants falsely accused Mr. Little of mishandling reports of child sex abuse

at USA Badminton by failing to timely report such allegations to the relevant organization—the United States Center for SafeSport ("SafeSport")—as required by law. [*Id.* at 30-40.] Among other things, Plaintiffs allege that such statements, including accusations that Mr. Little acted to prevent the reporting of any child sex abuse, defamed Mr. Little and placed him in a false light. [*Id.*]

In February 2024, about five months after Plaintiffs initiated this lawsuit, Defendant Alistair Casey filed two separate Motions to Dismiss, including a Motion to Dismiss Plaintiffs' Amended Complaint for Lack of Personal Jurisdiction. [Dkts. 33; 34.] Two months after Mr. Casey filed his Motions to Dismiss, Defendant SafeSport filed a Motion to Dismiss Plaintiffs' Amended Complaint arguing, among other things, that this Court lacks personal jurisdiction over it. [Dkt. 57.] Mr. Casey's and SafeSport's Motions to Dismiss are fully briefed and ripe for the Court's review.

On June 11, 2024, Mr. Casey filed the present Unopposed Motion to Stay, in which he argues that the Court should stay all case management deadlines until the Court rules on his and SafeSport's Motions to Dismiss. [Dkt. 97.] That same day, Plaintiffs also filed a Motion to Amend Case Management Plan Deadlines as an alternative to Mr. Casey's Unopposed Motion to Stay. [Dkt. 98.] While Mr. Casey's Motion to Stay and Plaintiffs' Motion to Amend were pending, Defendants Nancy Hogshead-Makar and Champion Women, Inc. each filed Motions to Dismiss for Lack of Personal Jurisdiction. [Dkts. 110; 112.] Thus, there are currently four pending Motions to Dismiss in this case that raise jurisdictional issues, with two being fully briefed and ripe for review and two currently being briefed. [Dkts. 33; 34; 57; 110; 112.]

The deadline for non-expert witness and liability discovery was July 12, 2024. [Dkt. 27 at 5.] At the last Telephonic Status Conference in early June 2024, counsel reported minimal

2

discovery progress despite the case pending for nearly nine months at that time. [Dkt. 96.] The Court reminded them of the Court's case management deadlines, pointed out that no motion to stay discovery had ever been filed, and emphasized that even if it was filed, it was not guaranteed to be granted. Mr. Casey's Unopposed Motion to Stay followed shortly thereafter.

## II. APPLICABLE STANDARD

District courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). A stay of discovery may be ordered when good cause exists, and the party seeking the stay "bears the burden of proof to show that the Court should exercise its discretion in staying the case." *United States ex rel. Robinson v. Ind. Univ. Health, Inc.*, 2015 WL 3961221, at *1 (S.D. Ind. June 30, 2015). A court will evaluate three factors to determine if good cause for a stay exists: (1) "the prejudice or tactical disadvantage to the non-moving party;" (2) "whether or not issues will be simplified;" and (3) "whether or not a stay will reduce the burden of litigation." *Johnson v. Navient Solutions, Inc.*, 150 F. Supp. 3d 1005, 1007 (S.D. Ind. 2015). "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors, Inc. v. Cox Enters., Inc.*, 2016 WL 1731328, at *2-3 (S.D. Ind. May 2, 2016).

## III. DISCUSSION

In his Unopposed Motion to Stay, Mr. Casey requests that the Court stay all case management deadlines until the Court rules on the "threshold issues" raised in his and SafeSport's Motions to Dismiss. [Dkt. 97.] According to Mr. Casey, a challenge to jurisdiction is a threshold issue that courts have found warrants a stay of discovery, such that his challenge to personal jurisdiction and SafeSport's challenges to both personal and subject matter jurisdiction warrant a

3

stay of this case until the Court's resolution of the pending Motions to Dismiss. [*Id.*] Moreover, Mr. Casey argues that (1) Plaintiffs would not be prejudiced by a stay of discovery, since discovery is not necessary to respond to the pending Motions to Dismiss; (2) the pending Motions to Dismiss could dispose of Plaintiffs' claims against multiple Defendants, thereby streamlining the issues for the Court to decide; and (3) a stay would reduce the burden on the Court and the Parties by avoiding unnecessary discovery and potential discovery disputes. [*Id.* at 4 (citing *Robinson*, 2015 WL 3961221, at *1 (explaining that courts evaluate three factors when determining whether good cause exists to stay discovery: "[1] the prejudice or tactical disadvantage to the non-moving party; [2] whether or not issues will be simplified; and [3] whether or not a stay will reduce the burden of litigation")).]

The Court finds that good cause exists to stay all case management deadlines in this case until the Court rules on the pending Motions to Dismiss. Jurisdiction is precisely the type of issue raised in a motion to dismiss that courts have found warrants a stay of discovery, and here there are four pending motions that seek dismissal on jurisdictional grounds. *See Robinson*, 2015 WL 3961221, at *7 (noting that a stay is typically justified "only where a motion to dismiss raises 'threshold' issues such as . . . jurisdiction"); *Alexander v. Take-Two Interactive Software, Inc.*, 2019 WL 2176321, at *2 (S.D. Ill. May 20, 2019) (finding that a stay of discovery was appropriate because defendants "raised a critical threshold issue: a challenge to this Court's personal jurisdiction over them" and emphasizing that "personal jurisdiction 'is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication'") (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999)); *Soares v. Meeks*, 2021 WL 5748438, at *3 (S.D. Ind. Oct. 4, 2021) (granting defendants' motion to stay pending adjudication of their motion to dismiss for lack of subject matter jurisdiction).

Analyzing the three factors that courts consider when deciding motions to stay demonstrates that a stay of case management deadlines is appropriate in this case. First, staying discovery will not cause substantial prejudice or disadvantage to Plaintiffs, as evidenced by Plaintiffs' lack of opposition to Mr. Casey's request to stay the case management deadlines. All Parties have confirmed that discovery will not be necessary to respond to the pending motions to dismiss, which as the Court emphasizes above raise threshold issues surrounding jurisdiction.

Second, the pending motions to dismiss could potentially dispose of Plaintiffs' claims against one or more Defendants or even the entire litigation, which would undoubtedly simplify the issues. *See Soares*, 2021 WL 5748438, at *3 (finding that the pending motion to dismiss could "eliminate the case in this court altogether . . . [and] could greatly simplify the necessary issues for later discovery, particularly because discovery has not started and Defendants' motion to dismiss is fully briefed"). Thus, it appears that a stay of discovery at this point could significantly streamline the issues or even dispose of the case altogether.

Third, a stay of discovery will reduce the burden of litigation on both the Parties and the Court. If Defendants' Motions to Dismiss are granted, discovery by the Parties will be unnecessary, as will any potential rulings by the Court on discovery motions or disputes. *See Robinson*, 2015 WL 3961221, at *7 (noting that where a motion to dismiss raises a threshold issue, a stay can "avoid unnecessary discovery battles"). At the last Telephonic Status Conference with the Court, various Parties referenced to discovery disputes that they anticipated if discovery proceeded in the case.

For all of these reasons, the Court finds that Mr. Casey has met his burden of showing that the Court should exercise its broad discretion and stay the case management deadlines pending a ruling on the various motions to dismiss in this case. Despite staying discovery and other

applicable case management deadlines, the Motions to Dismiss recently filed by Defendants Nancy Hogshead-Makar and Champion Women, Inc. shall continue to be briefed in accordance with Southern District of Indiana Local Rule 7-1.  The Telephonic Status Conference currently scheduled for August 15, 2024, is vacated and will be rescheduled, if necessary, upon the Court's ruling on the pending Motions to Dismiss.  Because the Court has opted to stay all case management deadlines at this stage of the proceedings, Plaintiffs' alternative Motion to Amend Case Management Deadlines is denied as unnecessary.

### IV.  CONCLUSION

For the reasons stated herein, Defendant Alistair Casey's Unopposed Motion to Stay Proceedings Pending Outcome of Threshold Issues, [dkt. 97], is **GRANTED**, and Plaintiffs Jonathan Little and Saeed & Little, LLP's Motion to Amend Case Management Deadlines as an Alternative to Defendant Casey's Motion to Stay, [dkt. 98], is **DENIED AS UNNECESSARY.** The case management plan deadlines in this case are vacated and discovery is stayed pending a ruling on the various motions to dismiss filed by the Defendants in this action.  [Dkts. 33; 34; 57; 109; 111.][1]  For that reason, the Court **VACATES** the Telephonic Status Conference currently set for August 15, 2024, [*see* dkt. 96], and will promptly reschedule a case conference, if necessary, after the Court's rulings on the pending motions to dismiss.

SO ORDERED.

Date: 8/5/2024

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

---

[1] The Motions to Dismiss recently filed by Defendants Nancy Hogshead-Makar and Champion Women, Inc., [dkts. 109; dkt. 111], shall continue to be briefed in accordance with Southern District of Indiana Local Rule 7-1.