UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SAEED & LITTLE, LLP, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01647-RLY-KMB |
| | ) | |
| ALISTAIR CASEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ADOPTING REPORT AND RECOMMENDATION**

Plaintiffs Saeed & Little, LLP, and Jonathan Little initially filed this action against Defendant Alistair Casey only. (Filing No. 1). After Casey filed motions to dismiss, Plaintiffs filed their Amended Complaint, adding three defendants: Nancy Hogshead-Makar; Champion Women, Inc.; and United States Center for SafeSport ("SafeSport"). (Filing No. 29). Following SafeSport's motion to dismiss, Plaintiffs moved for leave to file a second amended complaint on May 23, 2024. (Filing No. 84). However, pursuant to the Case Management Plan, the deadline for motions for leave to amend the pleadings was February 12, 2024. (Filing No. 27 at 3). SafeSport and Casey opposed Plaintiffs' motion for leave to amend. (Filing Nos. 89, 94). The court referred the motion to Magistrate Judge Kellie M. Barr. The Magistrate Judge recommended Plaintiffs' motion for leave to amend be denied. (Filing No. 119). Plaintiffs object to the Magistrate Judge's recommendation. (Filing No. 125).

Generally, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when parties seek to amend the pleadings after the

1

case management plan deadline, the court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Under the good cause standard, the court "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). The moving party bears the burden of showing good cause. *See id.*

The court agrees with the Magistrate Judge that Plaintiffs have not established good cause. As an initial matter, Plaintiffs did not argue before the Magistrate Judge that they had good cause to amend their complaint. Rather, they argued that they should be granted leave to amend under Rule 15(a)(2). (Filing No. 84 ¶¶ 9–10). After Casey and SafeSport responded and raised the Rule 16(b)(4) good cause standard, (Filing Nos. 89, 94), Plaintiffs did not reply. Instead, Plaintiffs address the good cause standard for the first time in their objection. (Filing No. 125). Their argument that they have good cause to amend their complaint is therefore waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived.").

Even if the court considered Plaintiffs' arguments, they have not shown good cause. Plaintiffs describe difficulties serving Hogshead-Makar and Champion Women and point the finger at them for their alleged lack of diligence. Plaintiffs also complain that none of the defendants added in their First Amended Complaint were served until

2

after the case management plan deadline to amend pleadings had passed. None of Plaintiffs' complaints explain how they were diligent in seeking to amend their complaint, for a second time, more than three months after the deadline to amend pleadings had expired. As the Magistrate Judge noted, the desire to amend a complaint to respond to a motion to dismiss is not good cause. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (rejecting plaintiff's argument he was diligent in seeking amendment because "he had no reason to know that his complaint was deficient until the defendants filed their motions to dismiss"). Plaintiffs have not explained why they could not add the desired factual and jurisdictional allegations prior to the deadline. *See id.* ("The requirements for surviving a motion to dismiss are matters of hornbook civil procedure law, and a party should always ask itself whether the complaint it wants to file sets out a viable claim.").

Additionally, the Magistrate Judge recommended that Plaintiffs' proposed Second Amended Complaint and attached exhibits remain under seal. Plaintiffs did not object to this portion of the Magistrate Judge's recommendation. Whether the motion itself should remain under seal was unaddressed, and the court finds that it should be unsealed because it was considered in this Entry. *See Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009) (explaining that documents that could "influence or underpin the judicial decision" are presumptively "open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality").

For the foregoing reasons, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 119), **OVERRULES** Plaintiffs' Objection (Filing No. 125), and **DENIES** Plaintiffs' Motion for Leave to File Second Amended Complaint (Filing

3

No. 84).  The court **ORDERS** that the proposed Second Amended Complaint and attached exhibits (Filing Nos. 84-1 through 84-23) shall **REMAIN UNDER SEAL**.  The Clerk is **DIRECTED** to **UNSEAL** Plaintiffs' Motion for Leave to File Second Amended Complaint (Filing No. 84).

**IT IS SO ORDERED** this 17th day of September 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.